## MARSHALL vs. WOLFE & PASCOE.

A court has no power to instruct a jury to find as in case of *non-suit*.

APPEAL from Platte Circuit Court.

ALMOND, *for Appellees.*

1. The Circuit Court properly refused to give the instruction asked by appellant. St. Louis Floating Dock Ins. Co. vs. Soulard, 8 Mo. R. 665; Wells vs. Gaty, et al, 8 Mo. R. 681; Sublette and Vasques vs. Noland, 5 Mo. R. 516.

2. The Circuit Court properly refused to arrest the judgment. Sublette and Vasques vs. Noland, 5 Mo. R. 516.

3. All the facts in the case were fairly submitted to the jury, under an instruction of the court, to which appellant took no exception; and as the testimony upon the material points in issue was and is conflicting, the Supreme Court will not review or disturb the verdict. Singleton vs. Marn, 3 Mo. R. 464; Oldham vs. Henderson, 4 Mo. R. 295; Martin vs. Withington, ib. 518; Mulliken vs. Greer, 5 Mo. R. 489; Steele vs. McCutchen, ib. 522; Vaughn vs. Montgomery, ib. 529; Ex'rs. of Shobe vs. Morris, 6 Mo. R. 489.

4. The verdict is not against the weight of evidence. Henry vs. Forbis, 7 Mo. R. 455.

McBRIDE, J., *delivered the opinion of the Court.*

Wolfe and Pascoe brought their action before a justice of the peace, against Marshall, on an account, and having obtained judgment, he appealed to the Circuit Court of Platte county, where the plaintiffs again obtained judgment; the defendant moved for a new trial, and in arrest, which the court refused; he thereupon excepted, and appealed to this Court.

The action was instituted for $25, the balance claimed by the plaintiffs for a job of plastering done for the defendant. Witnesses were examined on the part of each, to prove the character of the work done. They concur in opinion, that the work was not done "in the best style of plastering, and in the very best manner;" but was as well done as the plastering generally in the country, and as the materials would warrant.

After the close of the evidence, the defendant moved the court to instruct the jury as follows:

"That if they believe from the evidence that the plastering was done under a special written agreement, they will find as in case of a nonsuit."

The court refused, and the defendant excepted; thereupon the court gave the jury the following instruction:

"That if they believe the plaintiffs undertook to do the work sued for, under a written agreement, such agreement must have been complied with, and the work done in accordance therewith, both as to time and manner, before they can recover any thing, unless the defendant prevented plaintiffs from so completing such work; but if defendant prevented plaintiffs from so completing one portion of such work, it is no excuse for a failure to complete other portions of the work in accordance with the contract."

The only question of law raised on the record that we discover, is in

the refusal of the court to give the defendant's instruction. We do not know that we comprehend the instruction. If it was intended by the draftsman to obtain a non-suit of the plaintiff at the hands of the court, then the court committed no error in refusing it, for neither the court nor the jury have the power to non-suit a plaintiff who is pursuing his remedy according to the rules of law and the practice of the court. He has an undoubted right to have his case passed upon by a jury, and verdict found for, or against him, notwithstanding the well settled opinion of the court, that he has not made out his case, and consequently cannot recover. The court may, where a plaintiff has failed to make out a case which would entitle him to recover, advise the plaintiff to take a non-suit, or, instruct the jury, that upon the evidence before them, the plaintiff is not entitled to a verdict. Where the court so instruct, it operates as a demurrer to the evidence, and the finding of the jury would be for the defendants. This finding would of course be a bar to a subsequent action for the same cause; whilst a non-suit would not prejudice the plaintiff in any after action which he might choose to bring.

But aside from this, the instruction given and not excepted to, covers the whole case, and therefore the defendant could not have been prejudiced by the refusal of his instruction, if it was only intended thereby to ask the court to instruct the jury, that the evidence did not authorize a finding for the plaintiff.

We have not scanned the evidence to ascertain which scale contains a grain the most. The jury have weighed it, and the correctness of their conclusion comes to us endorsed by the approval of the judge who presided at the trial. We shall not therefore disturb their finding.

Judgment affirmed.